UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ULTAN FEIGHERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-12707-FDS |
| ) | |
| JOHN JOSEPH MOLLOY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On October 25, 2013, plaintiff Ultan Feighery, a resident of Ashland, Massachusetts, filed a civil action for personal injury damages incurred as a result of a motor vehicle accident on November 14, 2010. Feighery has sued defendant John Molloy, a resident of Holliston, Massachusetts, and his insurer, Liberty Mutual Insurance Company. Feighery alleges that Molloy was liable for causing a collision and that he has admitted to this, but Liberty Mutual failed to recognize liability, forcing Feighery to file a claim under his own insurance policy.

As relief, Feighery seeks reimbursement from Liberty Mutual for unpaid medical bills, bills paid by his health insurer (which has a lien on any settlement), repairs to his vehicle not covered, loss of value of the vehicle, rental costs not covered, compensation for loss of time due to extended medical treatment, and compensation for pain and suffering.

Feighery asserts jurisdiction pursuant to 28 U.S.C. § 1332. In his civil cover sheet attached to the complaint, Feighery lists his cause of action as arising under personal injuries and

property damage.

I.   **Discussion**

In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCullock v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Here, Feighery has not identified any federal question at issue in this case. Rather, he asserts only state tort claims for personal injury and property damage. In light of this, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331.[6] Although Feighery alleges diversity jurisdiction pursuant 28 U.S.C. § 1332, such jurisdiction does not appear to exist because both Feighery and Molloy are citizens of Massachusetts. In order to invoke diversity jurisdiction, diversity of citizenship must be complete.[7]

In light of the above, this action will be dismissed without prejudice for lack of jurisdiction. *See Northeast Federal Credit Union v. Neves*, 837 F.2d 531, 533 (1st Cir. 1988) (vacating judgment and directing district court to dismiss where no diversity jurisdiction existed); *Paparella v. Idreco Invest.*, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

Because Feighery may face a statute of limitations issue that could bar his claims altogether, this Court will dismiss this action *sua sponte* rather than affording him an opportunity to show cause how this Court has jurisdiction, in the event that he wishes to pursue his claims in

---

[6] Federal district courts have original jurisdiction over "federal question" cases. A federal question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998). A claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint. *Viqueira*, 140 F.3d at 17.

[7] In addition to federal-question jurisdiction, district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

state court.

Should Feighery still contend that this Court has subject-matter jurisdiction, he may seek to reopen this action within 35 days, by filing a "Motion to Reopen Civil Case" with a clear demonstration of the basis of this Court's jurisdiction.

## II.     Conclusion

Based on the foregoing, it is hereby Ordered that:

1. This action is DISMISSED *sua sponte* for lack of subject-matter jurisdiction.

2. Within 35 days of the date of this memorandum and order, plaintiff may file a "Motion to Reopen Civil Case" with a clear demonstration of the basis of this Court's jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:   October 29, 2013                                          United States District Judge